**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| 970 Broad Street, Suite 700<br>Newark, NJ 07102 | 973/645-2700 |

ASL/PL AGR
2003R001601

March 13, 2006

**Federal Express**
J. Oscar Shaw, Esq.
9030 West Sahara Avenue, Suite #170
Las Vegas, NV 89117

       Re:  **Plea Agreement with Shawn Kalin**

Dear Mr. Shaw:

      This letter sets forth the plea agreement between your client, Shawn Kalin, and the United States Attorney for the District of New Jersey ("this Office").

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Shawn Kalin to a one-count Information, which charges interstate theft of information from a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C). If Shawn Kalin enters a guilty plea and is sentenced on this, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Shawn Kalin for his unauthorized access of DealerTrack member-dealership accounts and his obtaining Social Security numbers and financial data from these accounts with stolen passwords during July 2002. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Kalin may be commenced against him, notwithstanding the expiration of the limitations period after Shawn Kalin signs the agreement. Shawn Kalin agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Shawn Kalin signs the agreement.

Sentencing

      The violation of 18 U.S.C. § 1030(a)(2)(C) to which Shawn Kalin agrees to plead guilty carries a statutory maximum

prison sentence of one year, and a statutory maximum fine equal to the greatest of: (1) $100,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Shawn Kalin is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Shawn Kalin ultimately will receive.

Further, in addition to imposing any other penalty on Shawn Kalin, the sentencing judge: (1) will order Shawn Kalin to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Shawn Kalin to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Shawn Kalin, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Shawn Kalin to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Shawn Kalin be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Shawn Kalin may be sentenced to not more than one year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Shawn Kalin agrees to make full restitution to DealerTrack in the amount of $ 54,325. This amount is comprised of DealerTrack's damages, reasonable costs and losses as defined in Application Note 3(A)(V)(iii) to United States Sentencing Guideline 2B1.1 (2004), and the value of the fraud that Mr. Kalin committed against DealerTrack. The parties further stipulate and agree that the value of the fraud itself that Mr. Kalin committed against DealerTrack is less than $10,000.00. Furthermore, Shawn Kalin agrees to transfer ownership of the following Internet domain names to DealerTrack:

**dealertracks.com, dealertraks.com, dealertrack.net, dealertracks.net** and **paymenttracks.com**, and represents that he has no other similar Internet domain names in his possession.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Shawn Kalin by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Shawn Kalin's activities and relevant conduct with respect to this case.

Stipulations

This Office and Shawn Kalin agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Shawn Kalin from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Shawn Kalin waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Shawn Kalin. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Shawn Kalin.

No Other Promises

This agreement constitutes the plea agreement between Shawn Kalin and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Adam S. Lurie
Assistant U.S. Attorney

APPROVED:

Mark J. McCarren
Chief, Public Protection Unit

- 4 -

I have received this letter from my attorney, J. Oscar Shaw, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____     Date: 03-23-06
SHAWN KALIN

_____     Date: 03-23-06
J. OSCAR SHAW, Esq.

## Plea Agreement With Shawn Kalin

### Schedule A

1. This Office and Shawn Kalin recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Shawn Kalin nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Shawn Kalin within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Shawn Kalin further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2001 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

3. The offense involved losses, costs and damages of more than $30,000 but less than $70,000. Accordingly, a six level increase is warranted. See U.S.S.G. § 2B1.1(b)(1)(D).

4. As of the date of this letter, Shawn Kalin has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Shawn Kalin's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Shawn Kalin is 10 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 10 is reasonable.

7. Shawn Kalin knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or

- 6 -

below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.