AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

SHAWN KALIN

Defendant.

Case Number   03-mj-7153-01

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, SHAWN KALIN, was represented by JAMES S. FRIEDMAN, ESQ..

The defendant pled guilty to count(s) 1 of the CRIMINAL COMPLAINT on 06/06/06. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1030(a)(2)(C) | Interstate Theft of Information from a protected computer | July 8, 2002 | 1 |

As pronounced on 3/9/07, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $25.00, for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _____ day of March, 2007.

HONORABLE ESTHER SALAS
United States Magistrate Judge

89129

AO 245B (Mod. D/NJ 12/06) Sheet 4 - Probation

Judgment – Page 2 of 4

Defendant: SHAWN KALIN
Case Number: 03-mj-7153-01

## PROBATION

The defendant is hereby placed on probation for a term of 3 years.

While on probation, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

The defendant must submit to one drug test within 15 days of commencement of probation and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs or restitution obligation, it shall be a condition of probation that the defendant pay any such fine, assessment, costs and restitution and shall comply with the following special conditions:

The defendant is to be confined to his residence for a period of 6 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall cooperate with Immigration and Customs Enforcement to resolve any problems with his status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, the defendant shall not re-enter the United States without the written permission of the Attorney General. If the defendant re-enters the United States, he shall report in person to the nearest U.S. Probation Office within 48 hours.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall submit to an initial inspection by the probation office, and to any unannounced examinations during supervision, of the defendant's computer equipment. The defendant shall allow the installation on the defendant's computer of any hardware or software systems which monitor computer use. The defendant shall abide by the standard conditions of computer monitoring that have been adopted by this court.

AO 245B (Mod. D/NJ 12/06) Sheet 4a - Probation

Judgment – Page 3 of 4

Defendant: SHAWN KALIN
Case Number: 03-mj-7153-01

## STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

For Official Use Only --- U.S. Probation Office

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____   _____
Defendant                                  Date

_____   _____
U.S. Probation Officer/Designated Witness   Date

Defendant:      SHAWN KALIN
Case Number:    03-mj-7153-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| **Name of Payee (Victim)** | **Amount of Restitution** |
|---|---|
| DealerTrack Inc.<br>105 Maxess Road, Suite N109<br>Melville, NY 1747<br>Attn: Eric D. Jacobs<br>Senior V.P. and General Counsel | $54,325 |

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victim(s).

The restitution is due immediately and shall be paid in monthly installments of no less than $600 to commence 30 days after the date of this judgment.

In addition, the defendant is required to transfer ownership of the following Internet domain names to DealerTrack: dealertracks.com; dealertraks.com; dealertrack.net; dealertracks.net; and paymenttracks.com.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.